## In re Petition for DISCIPLINARY ACTION AGAINST Robert A. OLSON, an Attorney at Law of the State of Minnesota.

### No. C6–87–2150.

Supreme Court of Minnesota.

June 24, 1988.

### ORDER

The Director of Lawyers Professional Responsibility filed a petition with this court in which he alleged that the respondent had violated his professional responsibilities by failing to timely file various state and federal income tax returns. Subsequently the respondent interposed an answer generally denying the allegations of the petition. This court appointed a referee to take testimony, but before the hearing before the referee transpired, the parties entered into a stipulation providing for public discipline and recommending that this court accept the terms of the stipulation. By the terms of the stipulation the respondent has unconditionally admitted that he failed to timely file 1982, 1983 and

1985 federal and state individual income tax returns, and that although he had obtained extensions of time within which to file the returns, the returns actually were not filed until after the expiration of the extension. The respondent also admitted that taxes for the years 1982, 1983, and 1984 had not been paid. The court having considered the petition, the answer, and the stipulation, and the recommendation of the Director

NOW ORDERS:

1. That the respondent is hereby suspended from the practice of law for a period of 60 days pursuant to Rule 15, Rules on Lawyers Professional Responsibility commencing 10 days from the date of this order.

2. The respondent's reinstatement to the practice of law shall be conditioned upon the following:
   (a) He shall timely comply with Rule 26, Rules on Lawyers Professional Responsibility.
   (b) He shall remain current in his continuing legal education requirements, and
   (c) He shall at least 15 days before the expiration of the suspension period file an affidavit with the clerk of the appellate courts and the Director verifying his compliance with those conditions. He shall then be reinstated by written order of the court unless an objection is timely filed by the Director.
   (d) No other requirements of Rule 18, Rules on Lawyers Professional Responsibility shall be a precondition to readmission.

3. Upon completion of the suspension and reinstatement to the practice of law, respondent shall remain on probation subject to the following conditions:
   (a) He shall at all times abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or which may come to the Director's attention.
   (b) Respondent shall remain on probation until he has provided evidence to the Director that he has timely filed 1987, 1988, and 1989 state and federal income tax returns.
   (c) Respondent shall affirmatively report to the Director on or before the tax filing due date of each year during which this probation is in effect that he has complied with all filing requirements of the tax laws.
   (d) Should the Director request it of respondent, respondent shall provide to the Director tax authorizations necessary for the latter to obtain verification from state and federal authorities that tax returns have been timely filed.

4. Costs in the amount of $750 are hereby assessed against the respondent and shall be paid to the office of the Director within 90 days of the date of this court's order.

5. Respondent shall complete the professional responsibility portion of the multistate bar examination within one year of the date of this order. Failure to successfully complete the exam shall entitle the Director to move this court for an order immediately suspending respondent until the requirement has been fulfilled.